IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRY L. AUSTIN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 06-3233-CV-S-RED |
| CBA II, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is defendant's Motion for Summary Judgment (#24) and plaintiff's Motion to Compel (#28). After careful consideration, defendant's motion is **GRANTED** and plaintiff's motion is **DENIED**.

## BACKGROUND

Plaintiff Terry Austin became employed by Sac Osage Electric Cooperative, Inc. ("Sac Osage") in June 1999. Her job provided fringe benefits through the NRECA Group Benefits Program, a third-party benefits provider. One such benefit was a long term disability plan. Defendant CBA II, Inc. ("CBA"), NRECA's wholly owned subsidiary, is the claims administrator for the long term disability plan, and it has sole discretion to adjudicate claims. The plan is self-insured, so all benefits are paid out of a trust that is funded entirely by participating cooperatives and employees. NRECA and CBA do not own or control the trust's assets. The funds in the trust are used solely to pay benefits under the plan.

Austin filed a disability claim on May 18, 2004, claiming that she was totally disabled due to back pain. Austin supported her claim with Dr. Lampert's opinion that "she is totally disabled from further gainful employment of any type because of the back pain from which she suffers." Dr.

Lampert provided CBA with medical notes, but he did not provide MRIs, x-rays, or other objective medical evidence despite CBA's requests that he do so. Due to the lack of medical evidence, CBA ordered a functional capacity evaluation and an independent medical examination. During these procedures, a physical therapist, a medical doctor, and an anesthesiologist all concluded that Austin was not disabled. Having been presented with no objective medical evidence from Dr. Lampert and having received independent medical opinions that Austin was not disabled, CBA denied Austin's claim on September 7, 2004.

Austin appealed the claim, and her appeal was denied on June 14, 2005. Austin filed a complaint against CBA with this Court on June 9, 2006. She claims relief pursuant to the Employee Retirement Income Security Act of 1974. CBA now seeks summary judgment on Austin's claims. CBA argues that (1) the deferential abuse of discretion standard applies, and (2) CBA's determination that Austin was not disabled is supported by substantial evidence. Austin responded to CBA's motion claiming that a *de novo* standard of review should apply, substantial evidence does not support CBA's decision, and she should be permitted to obtain additional discovery.

## DISCUSSION

### *The deferential abuse of discretion standard of review applies in this case.*

"Where . . . an ERISA plan gives an administrator discretionary authority to determine eligibility for benefits, a district court will ordinarily review the administrator's decision for an abuse of discretion." *Kecso v. Meredith Corp.*, 480 F.3d 849, 851-52 (8th Cir. 2007). "Nevertheless, a court may employ a less deferential standard of review if the claimant presents material, probative evidence demonstrating (1) that a palpable conflict of interest or a serious procedural irregularity existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to the claimant."

2

*Id.* at 852. Austin does not contest that the ERISA plan at issue in this case provides CBA with discretionary authority to determine eligibility for benefits. Austin argues that a conflict of interest exists so a *de novo* standard of review applies.

Plaintiff first argues that a conflict of interest exists because CBA is NRECA's wholly owned subsidiary. CBA's decisions on disability status, however, do not impact NRECA because the funds used to pay all claims are drawn from a separate trust funded entirely by contributions from participating cooperatives and their employees. The fact that CBA is NRECA's subsidiary does not create a conflict of interest.

Plaintiff also argues that a conflict of interest exists because the doctors that evaluated Austin were employed by CBA in other cases. This is not the type of conflict of interest that would merit *de novo* review. To reduce the standard of review, there must be "a palpable conflict of interest or a serious procedural irregularity" with respect to the *administrator*. The fact that CBA used these doctors in other cases may, but does not necessarily, factor into their credibility. In any event, it does not impact the standard of review employed by this Court under these circumstances.

Plaintiff finally argues that a conflict of interest existed because plaintiff's supervisor with Sac Osage did not want her to receive disability benefits through the NRECA plan. However, Sac Osage did not decide whether Austin should receive disability benefits. That decision was independently made by CBA.

Plaintiff has not demonstrated that a palpable conflict of interest or a serious procedural irregularity existed. Plaintiff has also not demonstrated that, if such an irregularity existed, it caused a serious breach of the plan administrator's fiduciary duty to the claimant. Accordingly, the deferential abuse of discretion standard applies, and CBA's decision "will be upheld if it was

3

reasonable, that is, if it was supported by substantial evidence." *Kecso*, 480 F.3d at 855. "Substantial evidence is more than a scintilla but less than a preponderance." *Id.*

### *CBA's decision that Austin was not totally disabled is supported by substantial evidence.*

The ERISA plan in this case indicates that for Austin to be deemed totally disabled she must be "completely unable to perform any and every duty" pertaining to her job with Sac Osage. Austin was an Assistant Cashier and Membership Clerk for Sac Osage. On her application for benefits, Austin stated that her job required one hour of walking, one hour of standing, and six hours of sitting each day. While she claims that she can no longer perform these activities, she acknowledges that her typical day includes taking care of her kids, doing household chores, and watching television. Her daily activities are inconsistent with her allegation that she is totally disabled.

The medical evidence in this case is also inconsistent with Austin's allegations. Dr. Lampert, Austin's treating physician, indicated on an Attending Physician's Statement of Disability form that Austin had only a "moderate limitation of functional capacity" and that she was "capable of clerical/administrative (sedentary) activity." John Sparkman, a physical therapist, indicated that Austin could perform "Light Physical Demand" work for an eight-hour day. He also concluded that Austin could walk between 2.5 and 5.5 hours a day, stand between 2.5 and 5.5 hours a day, and sit between 2.5 and 5.5 hours a day. Dr. Jeffrey Woodward concluded that Austin could work within the following guidelines: "frequent lift, push pull 0 to 15 pounds maximum. Able to sit up to six hours per day with routine breaks, and stand up to two hours per day with routine breaks. Occasional bending, kneeling and stooping permitted." Dr. James Cantoni and Dr. Jayne Clark confirmed that Austin was not totally disabled.

Substantial evidence supports CBA's decision that Austin was not totally disabled.

4

Accordingly, summary judgment is appropriate.

### *Austin is not entitled to additional discovery.*

The Court's review of CBA's decision is limited to evidence that was before the administrator at the time it determined that Austin was not disabled. *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637,641 (8th Cir. 1997). Plaintiff's discovery requests seek information that was not before CBA at the time of its determination. Moreover, plaintiff filed its motion to compel discovery responses on March 5, 2007, more than a month after the February 1, 2007, deadline for such motions set by the Court's scheduling order, and more than a month after CBA filed its January 26, 2007, summary judgment motion.

### CONCLUSION

For the reasons stated herein and in CBA's motions and suggestions, the Court **GRANTS** defendant's Motion for Summary Judgment (#24) and **DENIES** plaintiff's Motion to Compel (#28). The Court hereby enters judgment in favor of defendant CBA II, Inc. and against plaintiff Terry L. Austin on all claims in plaintiff's complaint.

**IT IS SO ORDERED**.

DATED: April 26, 2007  /s/ Richard E. Dorr
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT